OCTOBER AND NOVEMBER TERM, 1884, NO. 114.   OCTOBER 10, 1884.

## Mechling to use *v.* Hartzell.

1. Alterations in a judgment note of the year, month, and day of the month, are material alterations, and require explanation before the note should be received in evidence.
2. The alterations are material, though they post-date the note.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, and CLARK, JJ.; GREEN, J., absent.

Error to the Court of Common Pleas of *Westmoreland County.*

Judgment entered December 2, 1880, by Jacob Mechling, to the use of L. B. Gongaware, against John M. Hartzell and John L. Hartzell, upon a judgment note dated April 3, 1876, for $105, (including five per cent. commission.)

On June 22, 1881, this judgment was opened.

Upon the trial, as to defendant John L. Hartzell, in the court below, before HUNTER, J., the plaintiff offered in evidence note dated April 3, 1876, for $100, payable on

[Mechling to use *v.* Hartzell.]

April 1, 1877, to Jacob Mechling, and signed by John M. Hartzell and John L. Hartzell.

Defendant's counsel objected, because the note as offered showed upon its face that alterations had been made in the year, month, and day of the month, and the year when it became due, and because no consent had been shown to have been given by defendant.

Objection sustained. Exception by plaintiff.

L. B. Gongaware testified that he was the owner of the note; that he had paid full value for it to the payee, and that it was in the same condition exactly when he received it.

Defendant's counsel thereupon moved for a compulsory non-suit, which was granted by the court.

Plaintiff then took out a writ of error, assigning as error the entry of, and the refusal to take off, the compulsory non-suit.

*John F. Wentling* for plaintiff in error.

The erasures and changes are immaterial, and not made with a fraudulent and illegal intent. No person is injured by the changes except the plaintiff, one year's interest less being due by defendant. The awkward and clumsy execution shows that there was no fraud or illegal intent: Kountz *v.* Kennedy, 13 P. F. Sm., 190; Latshaw *v.* Hiltebeitel, 12 W. N. C., 335.

If defendant objected because he was bail, he had his relief during the entire year from the date of the change in the act of 14 May, 1874, Purd. Dig., p. 1881, by giving notice in writing to the payee to proceed to collect, &c.

There is no evidence to show that the erasures and changes were made after the note was executed and delivered; and there are no presumptions as to whether the changes were made prior or subsequent to the execution. That question must be decided by the jury: Ely *v.* Ely, 72 Mass., 442.

*W. H. Klingensmith* for defendant in error.

While the change would lessen the amount of interest, it would take away defendant's right under act of 14 May, 1874, for one year longer.

The alterations were in material parts. The date is a material part: Stephens *v.* Graham, 7 S. & R., 505; Hocker *v.* Jamison, 2 W. & S., 438; Getty *v.* Shearer, 8 Har., 12; Miller *v.* Gilleland, 7 *Id.*, 119.

Before the note could be admitted in evidence, the plaintiff was bound to show that the alterations were law-

[Mehaffey's Appeal.]

fully made : Marshall *v.* Gougler, 10 S. & R., 168 ; Simpson *v.* Stackhouse, 9 Barr, 186 ; Kennedy *v.* Bank, 6 Harris, 347 ; Paine *v.* Edsell, 7 *Id.*, 178 ; Clark *v.* Eckstein, 10 *Id.*, 507 ; Heffner *v.* Wenrich, 8 Casey, 423 ; Hill *v.* Cooley, 10 Wr., 259 ; Burgwin *v.* Bishop, 10 Nor., 336 ; Craighead *v.* McLoney, 3 Outer., 211 ; Ely *v.* Ely, 72 Mass., 439.

In the narr the date of the note is laid as April 3, 1876. Proof that it was executed on May 14, 1875, is not admissible : Stephens *v.* Graham, 7 S. & R., 505.

It is not on the supposition of fraud that the rule is founded with respect to deeds ; the policy of the law makes them void without any relation to motive in the particular transaction : Marshall *v.* Gougler, 10 S. & R., 168 : Bensinger *v.* Wren, 4 Out., 500.

OCTOBER 20TH, 1884.—PER CURIAM :—An inspection of the note proves unquestionably that it had been altered. The alteration is with ink of a color different from that with which it was originally written. There is a change of its date in the year, month, and day of the month. These are material alterations. They require explanation before the note should be received. The plaintiff gave no evidence showing how the note came to be altered, nor when or by whom the alteration was made. The fact that it was post-dated by the alteration does not destroy its materiality. It may have been to affect a question of settlement or payment after the original date. Until explained by evidence, the maker may well say it is not the note he executed.

Judgment affirmed.